UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**ESTATE OF AARON FRANK CRAIG SR.**
C/O Kathleen Rose Craig, Personal Representative
70563 Caville Road,
Ashland, WI 54806

**KATHLEEN ROSE CRAIG**
70563 Caville Road
Ashland, WI 54806**,**

    **Plaintiffs**

v.

**ASHLAND COUNTY**
201 Main Street West
Ashland, WI 54806,

**SHERIFF BRIAN ZUPKE**
201 Main Street West
Ashland, WI 54806

**CHERIEE JARECKI**
201 Main Street West
Ashland, WI 54806

**GARY FOX**
201 Main Street West
Ashland, WI 54806

**JOSEPH MIELOSZYK**
201 Main Street West
Ashland, WI 54806

    **Defendants.**

## COMPLAINT

Plaintiffs Estate of Aaron Frank Craig Sr. and Kathleen Rose Craig, as and for their Complaint against the above-named defendants, alleges as follows:

## INTRODUCTION

1. This cause of action arises out of Arron Frank Craig Sr.'s ("Aaron Craig") January 27, 2023 death, occurring at 220 6th Street East, Ashland, Wisconsin 54806.

2. This cause of action is for money damages brought pursuant to 42 U.S.C. § 1983 - 1985; Articles I, Sections One and Six of the Wisconsin Constitution; and, pursuant to Wis. Stat. §§ 895.03 to redress the deprivation under color of state law of Aaron Craig's clearly established rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the United States Constitution and Laws of the United States, and pursuant to 28 U.S.C. § 1343(a)(3) because this action seeks to redress the deprivation, under color of state law, of Plaintiffs' civil rights.

4. That this Court has supplemental jurisdiction over all state law claims which arise out of the same facts common to Plaintiffs' federal claims pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because most Defendants reside in this district and because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred within this district.

**PARTIES TO THE ACTION**

6. At all times relevant hereto and until the time of his death on January 27, 2023, Plaintiff decedent Aaron Craig was a citizen of the United States and the City of Ashland, County of Ashland, State of Wisconsin.

7. Plaintiff, Kathleen Rose Craig, is a citizen of the United States and County of Ashland, State of Wisconsin. Kathleen Rose Craig is the mother of Aaron Craig and the Personal Representative of the Estate of Aaron Craig.

8. Ashland County is and was at all times material hereto a political subdivision of the State of Wisconsin, organized and existing under and by virtue of the laws of Wisconsin.

9. Defendant, Sheriff Brian Zupke, ("Zupke"), is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Defendant Zupke was the Sheriff of the County of Ashland, and in that capacity was ultimately responsible for the health, safety, security, welfare and humane treatment of all inmates at the Justice Facility, including Aaron Craig. At all times material hereto, Defendant Zupke oversaw, supervised and had direct control over the management and operations of the entire Ashland County Sheriff's Department, including the jail, and was responsible for the jail's policies and procedures, as well as training.

10. Defendant, Cheriee Jarecki, ("Jarecki") is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Jarecki was a Correctional Officer employed by Ashland County, and was responsible for the health, safety, security, welfare and humane treatment of all inmates at the jail,

3

including Aaron Craig. At all times material hereto, upon information and belief, Jarecki failed to monitor Aaron Craig to monitor his well-being and safety and follow policies of the Ashland County Jail, which ultimately lead to the death of Aaron Craig.

11. Defendant, Gary Fox, ("Fox") is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Fox was a Correctional Officer employed by Ashland County, and was responsible for the health, safety, security, welfare and humane treatment of all inmates at the jail, including Aaron Craig. At all times material hereto, upon information and belief, Fox failed to monitor Aaron Craig to monitor his well-being and safety and follow policies of the Ashland County Jail, which ultimately lead to the death of Aaron Craig.

12. Defendant, Joseph Mieloszyk, ("Mieloszyk") is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Mieloszyk was a Correctional Officer employed by Ashland County, and was responsible for the health, safety, security, welfare and humane treatment of all inmates at the jail, including Aaron Craig. At all times material hereto, upon information and belief, Mieloszyk failed to monitor Aaron Craig to monitor his well-being and safety and follow policies of the Ashland County Jail, which ultimately lead to the death of Aaron Craig.

## **FACTS**

13. On or about January 26, 2023, at approximately 2:16 a.m., Aaron Craig was arrested by officers from the City of Ashland. While in the custody of the City of Ashland Police, Mr. Craig indicated that he was going to kill himself in the jail.

14. At approximately 2:25 a.m. the Ashland County Sheriff's Department/Jail took custody of Mr. Craig following his arrest. Jailers Fox and Jarecki first made contact with Mr. Craig in the sallyport of the jail.

15. At approximately 2:29 a.m., Jailers Fox and Jarecki lead Mr. Craig to a counter and he indicated that he wants to die. Jailers Fox and Jarecki continued to search Mr. Craig before placing him in cell 66. Mr. Craig ultimately remained in cell 66 for the remainder of January 26, 2023. Cell 66 has a video camera that, upon information and belief, is supposed to be monitored by the jailers.

16. At approximately 6:46 a.m. on January 26, 2023, the video from Mr. Craig's cell shows a small white object appearing under Mr. Craig's right leg, that upon information and belief, is methamphetamine.

17. At approximately 9:53 a.m. on January 26, 2023, the video in Mr. Craig's cell shows that the small white object appears on Mr. Craig's mattress.

18. At approximately 11:31 a.m. on January 26, 2023, the video in Mr. Craig's cell shows the small white object is visible on Mr. Craig's mattress.

19. At approximately 12:28 p.m. on January 26, 2023, the video in Mr. Craig's cell shows the small white object is visible next to Mr. Craig's left leg.

20. At approximately 4:36 p.m., Mr. Craig used the intercom to advise an unknown jailer that he had a headache. The jailer replied that nothing could be done until 9:00 p.m.

21. On January 27, 2023, at 12:29 a.m. the video in Mr. Craig's cell shows Mr. Craig getting a drink of water and while his back is to the camera, the sound of crumping plastic can be heard. Mr. Craig's hand goes up to his mouth, he then took a drink of water and flushed the toilet and appears to throw an object in to the toilet.

22. At 12:37 a.m. on January 27, 2023, the jail's video shows Mr. Craig is allowed out of cell 66. Mr. Fox is standing next to Mr. Craig, while Mr. Mieloszyk is nearby. Mr. Fox asked Mr. Craig how he is doing to which Mr. Craig states: "Not good. I found drugs in your cell back there and just ate it." Mr. Fox replies "Oh cool, how was it?" Mr. Craig then replies "Tastes really fucking nasty to be honest with you."

23. At 12:38 a.m. on January 27, 2023, the jail's video shows Mr. Fox and Mr. Craig were near the booking room where there is a counter between the two of them. Mr. Craig states to Mr. Fox, "So hopefully I die." Mr. Fox told Mr. Craig that was similar to what he was saying the night prior. Mr. Craig then states, "Yeah I wanna die, I don't like my fucking life and want to die." Mr. Fox then replies "It's your life."

24. At 12:38 a.m. on January 27, 2023, Mr. Mieloszyk joins Mr. Fox and Mr. Craig.

25. After changing into jail clothing, at 12:51 a.m. on January 27, 2023, Mr. Fox said that he had some questions for Mr. Craig. Mr. Craig then replied, "I'm suicidal I want to die, I got Aids, I got everything on it that's your answer." Mr. Craig then states that he believed the stuff he took in the cell was kicking in. Mr. Craig then

states, "Do you think I'm bullshitting you, pull up your camera and watch him tear it." Upon information and belief, both Mr. Fox and Mr. Mieloszyk are present when Mr. Craig made these comments.

26. At 12:56 a.m. on January 27, 2023, Mr. Craig again indicated that he found drugs in his cell and took it all and for them to look it up on the camera. Upon information and belief, both Mr. Fox and Mr. Mieloszyk are present when Mr. Craig made these comments.

27. At 12:58 a.m. on January 27, 2023, as Mr. Craig is getting his photo taken, he states, "That bags got me fucked up right now I tell you that." "It's not cocaine, I know that I don't know what it is." Upon information and belief, during this time Mr. Craig is not able to control his body or be still and is sweating profusely. Upon information and belief, both Mr. Fox and Mr. Mieloszyk are present when Mr. Craig made these comments.

28. At 12:59 a.m. on January 27, 2023, Mr. Craig puts his arm on the wall and sits on a bench. He then removes his sweatshirt and uses it to wipe the sweat from his face. Upon information and belief, both Mr. Fox and Mr. Mieloszyk are present to observe Mr. Craig's condition.

29. At 1:00 a.m. on January 27, 2023, Mr. Craig told Mr. Fox that he had difficulty breathing and was feeling fever and chills. Mr. Craig also indicated he was fatigued. Upon information and belief both, Mr. Fox and Mr. Mieloszyk are present to hear Mr. Craig's comments and observe Mr. Craig's condition.

30. At 1:06 a.m. on January 27, 2023, Mr. Craig asked if he could have Tylenol.

7

31. At 1:11 a.m. on January 27, 2023, Mr. Craig stood up to go to cell 68 and appeared to use his left hand on the wall to keep balance and walked slowly. Upon information and belief, both Mr. Fox and Mr. Mieloszyk are present to observe Mr. Craig's condition.

32. At 1:11 a.m. on January 27, 2023, as Mr. Craig entered cell 68, he laid on the bed. The video further shows Mr. Craig shivering and sweating. He also moans and occasionally trembles.

33. At 2:26 a.m. on January 27, 2023, the video shows. Mr. Craig goes to the toilet and vomits.

34. At 2:58 a.m. on January 27, 2023, Mr. Craig yells "help me". Ms. Jarecki comes to the cell door and inquires what is going on. Mr. Craig is unintelligible, breathing heavily, trembling and moving around uncontrollably.

35. At 3:10 a.m. on January 27, 2023, the video shows Mr. Craig slid off his bed onto the floor.

36. At 3:11 a.m. on January 27, 2023, the video shows Mr. Craig making noises, and intermittently moves uncontrollably.

37. At 3:13 a.m. on January 27, 2023, the video shows white substance coming from Mr. Craig's mouth. Mr. Craig is no longer moaning and the respiratory sounds stop.

38. At 3:14 a.m. on January 27, 2023, the video shows Ms. Jarecki at the door calling for Mr. Craig to which there is no response.

39. At 3:15 a.m. on January 27, 2023, the video shows both Ms. Jarecki and Mr. Fox present and administering Naloxone. Ms. Jarecki then starts chest compressions.

40. At 3:37 a.m. on January 27, 2023, Ashland Fire and EMS cease conducting CPR.

41. The toxicology tests performed on Mr. Crais' body found Mr. Craig had 11000 ng/mL of Methamphetamine in his system and Mr. Craig died from acute mixed drug intoxication.

42. The defendants had a special relationship and a duty to act with reasonable care while Mr. Craig was in their custody.

43. Mr. Fox, Mr. Mieloszyk and Ms. Jarecki are employed by Ashland County, and they neglected to exercise reasonable care with Mr. Craig.

44. Mr. Fox, Mr. Mieloszyk and Ms. Jarecki failed to ensure there was no methamphetamine in cell 66.

45. Mr. Fox, Mr. Mieloszyk and Ms. Jarecki failed to respond to statements by Mr. Craig that he was in the process of committing suicide through the use of drugs.

46. When Mr. Craig was in medical distress and asked for help, Mr. Fox, Mr. Mieloszyk and Ms. Jarecki failed to render proper medical aid to Mr. Craig.

47. When it was clear that Mr. Craig was clearly having a medical emergency, Mr. Fox, Mr. Mieloszyk and Ms. Jarecki failed to render proper medical aid to Mr. Craig.

48. As a result of the negligence by Mr. Fox, Mr. Mieloszyk and Ms. Jarecki, Mr. Craig died from a drug overdose while in custody. These actions/inactions violated Mr.

Craig's constitutional right prohibiting mistreatment and cruel and unusual punishment.

49. The Estate of Aaron Craig and Kathleen Rose Craig are entitled to damages for Mr. Craig's wrongful death, including damages for pain and suffering, loss of companionship, loss of consortium, mental anguish and emotional distress.

50. At all times relevant, as alleged in the preceding paragraphs, the defendants were acting on behalf of Ashland County under color of state law in his capacity as a Law Enforcement Officers and/or Correctional Officer for the Ashland County Sheriff.

51. At all times relevant, as alleged in the preceding paragraphs, the defendants were acting on behalf of County under color of state law in their respective capacities.

52. The actions of the defendants, as alleged in the preceding paragraphs, deprived Aaron Craig of his clearly established rights under the United States Constitution.

**Outrageous Conduct by Defendants**

53. The actions taken by the defendants toward the Mr. Craig as alleged herein, were motivated by evil intent or involved reckless or callous indifference to Mr. Craig's clearly established federal rights under the Eighth and Fourteenth Amendments of the United States Constitution.

**Injuries to Plaintiffs**

54. The unconstitutional actions of defendants, as alleged in the preceding paragraphs, have caused the plaintiffs to suffer physical and emotional injury, pain and suffering, loss of personal privacy, loss of safety, loss of security, severe emotional

distress, anxiety, humiliation, stigma, loss of reputation, inconvenience, attorneys' fees, costs, expenses, and other damages.

**FIRST CAUSE OF ACTION – DELIBERATE INDIFFERENCE IN VIOLATION OF THE EIGHTH AMENDMENT (Plaintiffs, as successors in interest to Decedent against all Defendants)**

55. Plaintiffs re-assert and re-allege Paragraphs 1-54 as though fully set forth herein.

56. Defendants Fox, Jarecki and Mieloszyk were deliberately indifferent to the well-being of Mr. Craig. Defendants knew of Mr. Craigs repeated statement that he intended to commit suicide; and, observed his serious behavior and medical condition.

57. Specifically, defendants failed to ensure cell 66 did not contain methamphetamine, whether it was there before Mr. Craig was placed in the cell or was on Mr. Craig's person. Thereafter, the defendants failed to do anything when Mr. Craig made statements that he had ingested drugs January 27, 2023. In fact, the jail's video shows that when Mr. Craig is allowed out of cell 66, Mr. Fox asked Mr. Craig how he was doing to which Mr. Craig states: "Not good. I found drugs in your cell back there and just ate it." Mr. Fox replies **"Oh cool, how was it?"** Mr. Craig then replies "Tastes really fucking nasty to be honest with you." Further, at 12:38 a.m. on January 27, 2023, the jail's video shows Mr. Craig state "Yeah I wanna die, I don't like my fucking life and want to die." Mr. Fox then replies "**It's your life**." Thereafter, as Mr. Craig goes back to a jail cell, the jail cameras show Mr. Craig having to use his left hand on the wall to keep balance and walked slowly.

58. From 12:37 a.m. on January 27, 2023 when Mr. Craig told Mr. Fox that he had taken drugs that he had found until 3:15 a.m. on January 27, 2023 when Mr. Craig

become totally unresponsive, Defendants Fox, Jarecki and Mieloszyk did absolutely nothing to ensure Mr. Craig's safety or wellbeing while Mr. Craig was in the process of dying.

59. Even when Mr. Craig specifically asked for help and was incoherent, defendants did not assess his medical condition or intervene to assist him.

60. When Ashland County officials and employees took Aaron Craig into legal and physical custody, they established a special custodial relationship toward him and affirmative legal duties to provide essential medical care and treatment, and to protect his right to be free from unnecessary pain and suffering, and to secure his life – substantive rights secured by the Eighth and Fourteenth Amendments to the U.S. Constitution.

61. This failure to adequately supervise Mr. Craig, including by observing the video in his cell, conducting regular cell checks, and then failing to provide ANY medical aid or treatment directly and proximately caused Mr. Craig's death. Mr. Craig and plaintiffs thereby suffered pecuniary and non-pecuniary damages in an amount to be determined at trial.

62. The conduct of Defendants was cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution and was willful, wanton, malicious, and done with a deliberate indifference for the rights and safety of Mr. Craig, and therefore warrants an award of exemplary and punitive damages.

**SECOND CAUSE OF ACTION - DELIBERATE INDIFFERENCE TO MEDICAL AND MENTAL HEALTH NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT (Plaintiffs, as successors in interest to Decedent against all Defendants)**

63. Plaintiffs re-assert and re-allege Paragraphs 1-62 as though fully set forth herein.

64. Mr. Craig was an inmate at the Ashland County Jail, and accordingly had a right to receive adequate health care from Defendants under the Eighth Amendment.

65. Defendants knew that Mr. Craig was suicidal, given his statements and his clearly visible condition.

66. Plaintiffs allege the Defendants were deliberately indifferent to Mr. Craig's medical needs. Specifically, Defendants failed to adequately treat Mr. Craig's obvious medical issues and failed to provide him with adequate health care.

67. As a direct and proximate cause of the Defendants' failures to adequately treat Mr. Craig's medical issues, Mr. Craig died January 27, 2023, and thereby suffered pecuniary and non-pecuniary damages in an amount to be determined at trial.

68. The conduct of Defendants was cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution and was willful, wanton, malicious, and done with a deliberate

**THIRD CAUSE OF ACTION – DELIBERATE INDIFFERENCE UNDER THE EIGHTH AMENDMENT; INADEQUATE HOUSING**

69. Plaintiffs reassert and reallege Paragraphs 1 to 68, as though fully set forth herein.

70. Mr. Craig was housed in a single cell, despite being aware he was suicidal.

71. On information and belief, Plaintiffs allege that individuals housed alone are at significantly greater risk of dying by suicide, because there is no one present to intervene or summon assistance, if necessary.

72. The Defendants knew that Mr. Craig was at a serious risk of death by suicide, given his numerous statements.

73. The Defendants nevertheless housed Mr. Craig in a cell by himself, thereby placing him at greater risk of dying by suicide.

74. The defendants failed to inspect the single cell in which Mr. Craig was located for drugs or review video to determine whether drugs had been in that cell, despite Mr. Craig informing them he found drugs in the cell.

75. As a direct and proximate cause of the Defendants' failure to adequately house Mr. Craig, Mr. Craig died by suicide, and thereby suffered pecuniary and non-pecuniary losses in an amount to be determined at trial.

76. The conduct of the Defendants was cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution and was willful, wanton, malicious, and done with a deliberate indifference for the rights and safety of Mr. Craig, and therefore warrants an award of exemplary and punitive damages.

**FOURTH CAUSE OF ACTION – FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM FOR LOSS OF COMPANIONSHIP**

77. Plaintiffs re-assert and re-allege Paragraphs 1 to 76, as though fully set forth herein.

78. Defendants' actions in this case—including but not limited to: (1) the failure to adequately monitor and supervise Mr. Craig; (2) the failure to provide appropriate medical care for Mr. Craig; and (3) the failure to adequately house Mr. Craig in order to minimize the risk of him dying —were the direct and proximate causes of Mr. Craig's death by suicide on January 27, 2023.

79. These actions, both individually and collectively, shock the conscience, and evidence both deliberate indifference and reckless disregard to the medical needs of Mr. Craig.

80. Through these actions, Defendants have deprived Plaintiff Kathleen Rose Craig of the love, companionship, comfort, care, assistance, protection, affection, society, support, training, and guidance of her son, Aaron Craig.

81. Plaintiffs have suffered pecuniary and non-pecuniary losses in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION – CIVIL CODE § 52.1 (Plaintiff Kathleen Rose Craig as successor in interest to Decedent against all Defendants)**

82. Plaintiffs re-assert and re-allege Paragraphs 1 to 81, as though fully set forth herein.

83. Plaintiffs allege that Defendants interfered with Mr. Craig's constitutional right to receive adequate health care while incarcerated through their deliberate indifference to Mr. Craig's obvious medical condition. Specifically, Defendants (1) failed to appropriately monitor and supervise Mr. Craig; (2) failed to provide adequate medical treatment when he stated he had ingested unknown drugs; (3) failed to provide ANY medical treatment when he was obviously suffering from some medical condition and (4) failed to do anything before Mr. Craig was unconscious.

84. Defendants' actions directly and proximately caused Mr. Craig's death, and Mr. Craig suffered pecuniary and non-pecuniary losses in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION – WRONGFUL DEATH Wis. Stat. §895.04**

85. Plaintiffs re-assert and re-allege Paragraphs 1 to 84, as though fully set forth herein

86. Plaintiff Kathleen Rose Criag brings this cause of action both on her own behalf under Wis. Stat. §895.04 and as personal representative to the Decedent, Mr. Craig, under Wis. Stat. §895.04.

87. As a direct and proximate result of the negligence, wrongful acts, conduct, and omissions of the Defendants, and each of them, Plaintiff have been deprived of the decedent's love, companionship, comfort, care, assistance, protection, affection, society, support, training, and guidance. Kathleen Rose Craig is the parent and personal representative of the decedent, and is therefore a person entitled to recover wrongful death damages pursuant to Wis. Stat. §895.04. Plaintiff has suffered pecuniary and non-pecuniary losses in an amount to be determined at trial.

88. As a direct and proximate result of the negligence, wrongful acts, conduct, and omissions of the Defendants, and each of them, Mr. Craig suffered severe and painful injuries, which resulted in recoverable legal damages prior to Mr. Craig's death. Plaintiff has the authority to commence a survival action on decedent's behalf pursuant to Wis. Stat. §895.04.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues of liability, compensatory, nominal, equitable, punitive, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.   On each of the causes of action, for damages, including but not limited to damages for economic harm, non-economic harm, pain, suffering, emotional distress, and punitive damages, according to proof at trial;

B.   Award pre-judgment and post-judgment interest, together with costs, disbursements, and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

C. Such other and further relief as the Court deems appropriate and as may be requested by plaintiff under the circumstances.

Dated this  6th  day of October, 2025.

**SPEARS, CARLSON & COLEMAN, S.C.**

*/s/Linda I. Coleman*
Linda I. Coleman, SBN 1088532
linda@washburnlawyers.com
Attorneys for the Plaintiffs
122 West Bayfield Street
Washburn, WI   54891
(715) 373-2628

**SPEARS, CARLSON & COLEMAN, S.C.**

*/s/John R. Carlson*
John R. Carlson, SBN 1050163
john@washburnlawyers.com
Attorneys for the Plaintiffs
122 West Bayfield Street
Washburn, WI   54891
(715) 373-2628